## Proctor v. Andover.

It is the duty of the persons for whose accommodation a road subject to gates is laid, to maintain such gates, and for a neglect to do so, such person, and not the town, is liable for injuries caused by cattle escaping upon the plaintiff's land from the land adjoining, provided they were rightfully there.

This is an action on the case for injuries to the plaintiff's land and crops by cattle escaping into them, for want of the gates to which a way, laid for the accommodation of individuals, was made subject. The facts appear in the agreed statement reported in the suit between the same parties (*ante,* page 348).

*Quimbie,* for the plaintiff.

*Shirley,* for the defendant.

BELLOWS, J. The question in this case is, was it the duty of the town to maintain the gates and keep them shut; and, if so, would the town be liable for the damages caused by their neglect? In the law of June, 1850 (Comp. Stat. 136, sec. 13), authorizing selectmen to lay out highways for the accommodation of an individual, subject to the erection and maintenance of gates across the same, it is expressly provided that such gates shall be erected and maintained at the expense of the person or persons for whose benefit the road is laid out. The duty, then, is expressly imposed by law upon these persons, and there is nothing in those provisions that implies any such duty on the part of the towns. If it were otherwise, it would by no means follow that towns would be liable for special damages to individuals for neglect of that duty.

In respect to damages caused by the failure of the

towns to repair highways, although it is clearly their duty to repair them, it is well settled that, at common law, they are not liable for special damages to individuals. So in *Eastman* v. *Meredith*, 36 N. H. 280, it is decided that towns are not liable for special damages to individuals, for not providing safe places for holding town-meetings, even assuming it to be their duty to provide such places; and the court hold it to have been the general understanding of the profession that an action will not lie against a town, for a neglect to perform a public duty, unless the action is given by statute. But we see no ground for holding that any such duty is imposed upon the town; the statute is certainly silent upon the subject, and we see nothing in the nature of the case from which the duty can be implied. The laying out of the way is the act, not of the town, but of the selectmen, and the town has no power to direct it to be done by its vote, or to prevent it. *Haywood* v. *Charlestown*, 34 N. H. 23; *State* v. *Rye*, 35 N. H. 380.

Nor can the obligation to keep the road in repair extend to the maintenance of the gates, any more than to the maintenance of the fences by the side of the way. The statute imposes it expressly upon the persons for whose benefit the road is laid, and that would naturally tend to exclude the idea of the same duty being imposed upon the towns. Indeed, the law places the duty where it properly belongs; that is, upon the persons who use the way, and who alone are in the situation to discharge it, by shutting the gate as they pass through. Should the persons whose duty it is to maintain and keep shut such gates fail to do it, and by reason of inability to respond to the persons injured, there was no other remedy, it might furnish good cause for the discontinuance of such way; but we can see no ground for holding the town liable for such injuries. There must, therefore, be judgment for the defendant.